IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV-16-02051-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on June 23, 2016 and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 27) on December 16, 2016. Petitioner filed an Objection to the R&R ("Objection") (Doc. 28) and a supporting Memorandum of Law (Doc. 29) on January 5, 2017. Also pending are Petitioner's Motion for Evidentiary Hearing and Request for Appointment of Counsel (Doc. 12) and Motion Requesting Respondents Furnish Transcripts and Exhibits (Doc. 24).

As this Court determined in the Screening Order (Doc. 7), Petitioner raised six grounds for relief in the Petition. (Doc. 7 at 2). After a thorough analysis, Judge Boyle determined that the Petition was filed after the statute of limitations period expired, that Petitioner is not entitled to equitable tolling, and that Petitioner has not demonstrated actual innocence. (Doc. 27). Accordingly, Judge Boyle recommends the Petition be denied and dismissed with prejudice. (Doc. 27 at 11). Judge Boyle further recommends

that Petitioner's other two pending motions be denied. (*Id.*).

**I. Petitioner's Objection**

Rule 7.2(e)(3) of the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages." Petitioner's handwritten Objection to the R&R (Doc. 28) is 32 pages long and the supporting Memorandum of Law (Doc. 29) is an additional six pages with 92 pages of attachments. Petitioner did not seek permission from the Court to exceed the page limit set forth in the Local Rules. Based on Petitioner's failure to comply with the page limitation in LRCiv 7.2(e)(3), the Court will not consider Petitioner's Objection or Memorandum of Law. Moreover, even if the Court were to consider his Objection, Petitioner fails therein to clearly identify his specific objections to the R&R.

**II. Analysis**

  **A. Standard of Review**

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

  **B. Timeliness**

Although the Court here has not considered Petitioner's Objection, in an abundance of caution, it has performed its own limited review of the R&R. In doing so, the Court agrees with the Magistrate Judge and finds that the Petition was filed after the statute of limitations period expired.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of

limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, in plea agreement cases, the judgment of conviction becomes final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding or [upon] the expiration of the time for seeking such proceeding or review." *Id.*

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely."). Filing a new

petition for post-conviction relief, however, does not reinitiate a limitations period that ended before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, after Petitioner was sentenced on November 24, 2008, he filed a timely notice of post-conviction relief on November 30, 2008. *See* Ariz.R.Crim.P. 32.4(a) (providing that a petitioner has ninety days from the entry of judgment and sentence to file an "of-right" petition for post-conviction relief). Petitioner subsequently filed a *pro se* petition for post-conviction relief on March 17, 2010. The trial court then denied the petition on August 12, 2010. Petitioner then had thirty days to seek review of the trial court's decision, which he did by filing a petition for review in the Arizona Court of Appeals on September 24, 2010. *See* Ariz.R.Crim.P. 32.9(c) (providing that a petitioner has thirty days from the trial court's decision to file a petition for review). He filed a second petition for review on December 8, 2010. The Arizona Court of Appeals denied review on September 20, 2012. After Petitioner sought review in the Arizona Supreme Court on October 23, 2012, the Court denied his request on February 15, 2013.

Thus, the judgment of conviction became final 90 days later on May 16, 2013, which is when the period for filing a petition for writ of certiorari to the United States Supreme Court expired. *See Summers*, 481 F.3d at 711 (holding that a judgment of conviction pursuant to a guilty plea becomes "final" for purposes of § 2244(d)(1)(A) upon the conclusion of a Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review). The limitations period ran uninterrupted until it expired one year later on May 16, 2014. Petitioner filed his habeas petition on June 23, 2016, more than two years after the limitations period expired. The Petition is, therefore, untimely.

Petitioner's second and third notices of post-conviction relief, filed on August 28, 2012 and October 17, 2012, respectively, did not statutorily toll the limitations period because they were not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that an untimely state post-conviction petition is not "properly filed" for

purposes of the AEDPA statutory tolling provision). The trial court dismissed Petitioner's second notice of post-conviction relief as untimely on October 2, 2012. Petitioner did not seek further review. The trial court dismissed Petitioner's third notice as untimely on November 13, 2012. Petitioner's requests for review of the dismissal of his third notice were denied. Thus, upon conducting its own limited review, the Court reaches the same conclusion as the Magistrate Judge and finds the Petition is untimely.

### C. Equitable Tolling

Additionally, like the Magistrate Judge, the Court finds Petitioner is not entitled to equitable tolling here. The limitations period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia, Holland*, 130 S.Ct. at 2562).

Petitioner has not shown that extraordinary circumstances prevented him from filing a timely petition. The reasons he identifies, including denial of his request for appointment of counsel and insufficient legal resources at the prison, among others, are insufficient to demonstrate entitlement to equitable tolling here.

### D.  Other Motions

Finally, the Court agrees with the Magistrate Judge that an evidentiary hearing is not warranted here where the state court record clearly demonstrates that Petitioner's

habeas petition is untimely. Moreover, in light of the Court's determination on the habeas petition, the Court finds no basis to grant the motion for Respondents to furnish transcripts.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 27) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing and Request for Appointment of Counsel (Doc. 12) and Motion Requesting Respondents Furnish Transcripts and Exhibits (Doc. 24) are **denied.**

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 13th day of February, 2017.

Honorable Diane J. Humetewa
United States District Judge