**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV-16-02051-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Before the Court is *pro se* Petitioner's "Notice of Interference by the Arizona Department of Correction Rehabilitation Re-entry and Request to Reopen Case to Allow the Filing of Rule 60 Motion" (Doc. 41).

**I.    Background**

On February 13, 2017, after this Court adopted the Report and Recommendation of Magistrate Judge Boyle and dismissed Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 30), Petitioner appealed this Court's judgment to the Ninth Circuit Court of Appeals (Doc. 24).  On September 8, 2017, the Ninth Circuit denied his request for a certificate of appealability and terminated his appeal.  *Jones v. Ryan*, No. 1715385, 2017 WL 8159218 (9th Cir. Sept. 7, 2017).  Petitioner represents, and the Ninth Circuit docket reflects, that Petitioner sought reconsideration of that Order on September 25, 2017.  Petitioner-Appellant's Motion for Reconsideration, *Jones v. Ryan*, No. 17-15385 (9th Cir. Sept. 7, 2017).  The court denied his motion on October 4, 2017.  *Jones v. Ryan*, No. 17-15385 (9th Cir. Oct. 4, 2017) (noting that "no

further filings will be entertained in this closed case). The docket also shows that on April 2, 2018, the Ninth Circuit received a letter from the United States Supreme Court Clerk stating the Court had denied Petitioner's "motion to direct the Clerk to file a petition for writ of certiorari out of time." *Jones v. Ryan*, No. 17-15385 (9th Cir. Apr. 2, 2018). Petitioner, over three years later, now represents to this Court that he never received notice that his petition for writ of certiorari had been denied, and only discovered this fact from "one of his civil right's lawyers." (Doc. 41 at 2–3). Petitioner states that had he received notice of the denial, "he would have filed further proceedings (i.e., Rule 60 motion), within a year…" (*Id.* at 3). He requests that this Court reopen his federal habeas proceedings so that he may file a Rule 60 motion. (*Id.*)

## II. Discussion

The Court will deny Petitioner's request to reopen this case so that he may file a Rule 60 motion because he has not shown that Rule 60 provides him a basis for relief. Rule 60(b) permits the Court to relieve a party "from a final judgment, order, or proceeding" for any of the reasons enumerated under that section, including mistake, newly discovered evidence, fraud, that the judgment is void, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court." Here, Petitioner suspects someone interfered with his receipt of the Supreme Court's order denying his motion to file a petition of writ of certiorari out of time, and as a result, Petitioner says he "was made to believe his case was under review" for over three years, an alleged infringement of his due process rights. (Doc. 41 at 3).

Even assuming wrongful interference of Petitioner's mail, which Petitioner has not established in his Motion, the contentions therein do not present grounds from which Petitioner could obtain relief from the final judgment of this Court. Petitioner has an obligation to stay apprised of the status of his cases. Petitioner says he was made to think his case was still pending because his mother contacted the Supreme Court in March of 2018 and was told his motion was being reviewed. (*Id.*) Failing to check the public

docket for over two years to ascertain the status of a case, however, is not diligent, and does not suggest Petitioner has been denied access to the courts. Moreover, to the extent that Petitioner seeks to file a second or successive federal habeas petition, his relief is not with this Court under Rule 60, but must be requested from the Court of Appeals. 28 U.S.C. § 2244(b)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's "Notice of Interference by the Arizona Department of Correction Rehabilitation Re-entry and Request to Reopen Case to Allow the Filing of Rule 60 Motion" (Doc. 41) is **DENIED**.

Dated this 21st day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge

- 3 -