**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV-16-02051-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's 35-page "Motion for Reconsideration of Court's Latest Order at Dkt. 42" (the "Motion for Reconsideration") in which he seeks reconsideration of the Court's Order denying his request to re-open his federal habeas case. (Doc. 47). Notwithstanding its title, the body of the Motion for Reconsideration asks that the Court set aside its February 13, 2017, Order (Doc. 30) that dismissed his federal habeas petition and denied him a certificate of appealability ("COA") (Doc. 30). (Doc. 47 at 1). Petitioner asks that the Court construe this Motion as a Rule 60(b) motion. (*Id.* at 35).

**I.     Background**

Petitioner filed his federal habeas action on June 23, 2016. (Doc. 1). On December 16, 2017, Magistrate Judge Boyle recommended the Petition be denied ("R&R"). (Doc. 27). Over Petitioner's objections (Doc. 28), on February 13, 2017, the Court adopted the R&R, dismissed his Petition as untimely, and denied Petitioner a COA, finding dismissal of the Petition was "justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable." (Doc. 30). Petitioner appealed the Court's

judgment to the Ninth Circuit Court of Appeals. (Doc. 24). On September 8, 2017, the Ninth Circuit denied Petitioner's request for a COA and terminated his appeal. *Jones v. Ryan*, No. 1715385, 2017 WL 8159218 (9th Cir. Sept. 7, 2017). Petitioner sought reconsideration of that order on September 25, 2017. *See* Petitioner-Appellant's Motion for Reconsideration, *Jones v. Ryan*, No. 17-15385 (9th Cir. Sept. 7, 2017). The court denied Petitioner's request for reconsideration on October 4, 2017. *Jones v. Ryan*, No. 17-15385 (9th Cir. Oct. 4, 2017) (noting that "no further filings will be entertained in this closed case"). On April 2, 2018, the Ninth Circuit received a letter from the United States Supreme Court Clerk stating the Supreme Court had denied Petitioner's "motion to direct the Clerk to file a petition for writ of certiorari out of time." *Jones v. Ryan*, No. 17-15385 (9th Cir. Apr. 2, 2018).

Nearly three years later, on July 29, 2021, Petitioner filed a "Notice of Interference by Arizona Department of Corrections Rehabilitation and Re-entry and Motion to Re-open Case to Allow Filing of Rule 60 Motion" with this Court. (Doc. 41). Therein, Petitioner said he suspected someone interfered with his receipt of the Supreme Court's order denying his motion to file a petition of writ of certiorari out of time, and as a result, he "was made to believe his case was under review" for over three years, an alleged infringement of his due process rights. (Doc. 41 at 3). This Court denied Petitioner's Motion to Re-Open on October 21, 2021, finding that Petitioner's contentions did not present grounds from which he could obtain relief from this Court. (Doc. 42 at 2). The Court noted that Petitioner had not established wrongful interference with his due process rights, and that his failure to monitor the public docket for over two years showed a lack of diligence, not that he had been denied access to the courts. (*Id.* at 2–3).

On December 20, 2021, Petitioner filed the pending Motion for Reconsideration (Doc. 47). Therein, he (1) repeats the arguments made in his Petition and Reply in Support of his Petition (*id.* at 9–18); (2) argues that this Court erred when it denied him a COA (*id.* at 18–21); and (3) contends, as he did in his Objection, that his actual innocence should excuse his procedural bar or default of claims (*id.* at 21–35).

## II. Rule 60(b) Motions

As Petitioner requests, the Court will construe Petitioner's Motion for Reconsideration as a Rule 60(b) motion to set aside its Order dismissing his habeas petition and denying him a COA. Rule 60(b) is the appropriate rule to invoke when a party wishes a court to reconsider claims it has already decided in a § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (finding that a motion for relief from judgment challenging only the district court's prior ruling that the habeas petition was time-barred is not the equivalent of a second or successive petition). *See also Morehead v. Schriro*, 2008 WL 2225781 (D. Ariz. May 27, 2008) ("[P]etitioner may properly seek such reconsideration through the mechanism of a Rule 60(b) motion because the Court, by finding that the petitioner had procedurally defaulted on Ground 7, never reached the merits of that claim.").

Rule 60 articulates six reasons a court may relieve a party from a final judgment or order. Clauses 1 through 5 provide specific reasons for granting relief, while clause 6 applies to grounds for relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Clauses 1 through 3 cannot be raised more than one year after the entry of judgment, whereas clauses 4 through 6 must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner does not identify which subsection of Rule 60(b) he brings his Motion under, but the Court finds that the only potentially applicable section is Rule 60(b)(6). The Court denied Petitioner's Petition on February 13, 2017, far over a year before he filed his Rule 60(b) motion, and thus subsections (b)(1)–(3) cannot provide relief. And in seeking reconsideration of the Court's Order denying his Petition, Petitioner is challenging the Court's determination that his Petition is untimely, not that it is "void" or relief is warranted because "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *See* Rule 60(b)(4) & (5). Subsections 4 and 5 are thus inapplicable. The Court will therefore assess his request under subsection 6.

A motion under Rule 60(b)(6) must be brought "within a reasonable time" and requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. Courts are cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Notably, "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Petitioner's Motion for Reconsideration certainly was not brought within a reasonable time. Over four years have passed since the Court dismissed Petitioner's habeas claims; Petitioner has not shown he exercised reasonable diligence in waiting this long to seek relief from the judgment.[1] As the Court has already ruled, the fact that he believed his writ to the United State Supreme Court was under review for three years because he never received notice of the letter rejecting it does not implicate his due process rights or excuse his lack of diligence. (*See* Doc. 42). Petitioner has also failed to make a showing of extraordinary circumstances. Petitioner asserts that the Court erred in denying his § 2254 motion as untimely and reiterates the arguments he made in his Petition and Reply in support thereof. He also asserts that he is actually innocent and thus any procedural default should be excused. But there has been no "change of circumstances between the time when [he] filed his habeas petition and the time when he filed his 60(b) motion" that justifies relief. *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004). Indeed, Petitioner's "delay in raising his actual innocence claim may be attributable to inattention or inexperience but

---

[1] Local Rules in the District of Arizona state that absent good cause, "any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g). Moreover, "[u]nless otherwise permitted by the Court, a motion including its supporting memorandum. . . may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." LRCiv 7.2(e)(1). Petitioner's Motion for Reconsideration was filed over four years after the Court denied his habeas Petition and nearly two months after the Court denied his first Motion to Re-open. As noted, the Motion is 35-page long. Petitioner did not seek leave to file the Motion late or with excess pages. Although the Court could have denied Petitioner's Motion for noncompliance with these sections, it did not. Instead, it has reviewed Petitioner's arguments and concluded that Petitioner has not presented any ground under which the Court should reconsider or set aside its prior orders.

neither deficiency constitutes an 'extraordinary circumstance' that justifies Rule 60(b) relief." *Id.* (internal quotation omitted).

Petitioner also argues that the Court applied the wrong standard when it denied him a COA following the denial of his habeas petition. In doing so, he cites to *Buck v. Davis*, 137 S. Ct. 759 (2017) and says that the Court erred in denying him a COA when it dismissed his Petition not on the merits, but on procedural grounds. Petitioner does not elaborate further, and nothing in the *Buck* opinion supports Petitioner's argument. Rule 11 of the Rules Governing § 2254 cases provides that, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to a COA, a habeas petition must show that: "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the petition was dismissed on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "[B]oth showings" must be made. *Id.* In this case, the Court dismissed the Petition as untimely, and denied a COA because jurists of reason would not have found the procedural ruling debatable. (Doc. 30 at 6). In doing so, the Court did not apply the wrong standard. Petitioner's request that the Court set aside its denial of his Petition and COA is denied.

The Court will also deny a COA of this Order. *U.S. v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (holding "a COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion"); *see also Ciotta v. Frauenheim*, 2017 WL 4546728, at *1 (9th Cir. Sept. 7, 2017) (applying *Winkles* to a Rule 60(b) motion in 28 U.S.C. § 2254 case); *Ruelas v. Muniz*, 2016 WL 1573439, at *7 (C.D. Cal. Apr. 19, 2016) (same). A petitioner is entitled to a certificate of appealability only if he shows "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion *and* (2) jurists of reason would find it debatable whether the underlying [habeas corpus petition] states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1142. Petitioner has failed to

demonstrate that he is entitled to a COA related to either the Court's Order denying his Motion to Reopen or this Motion for Reconsideration. Reasonable jurists would not find the Court's denial an abuse of discretion.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 47) is **denied**. This case shall remain closed.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied** as to this Rule 60(b) motion.

Dated this 1st day of March, 2022.

Honorable Diane J. Humetewa
United States District Judge